Filed
9/27/2017 2:12 PM
Esther Degollado
District Clerk
Webb District
Michelle Garza
2017CVH002089D1

# Lugenbuhl

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
A LAW CORPORATION
801 TRAVIS STREET. | SUITE 1800 | HOUSTON, TX 77002
TEL: 713.222.1990 | FAX: 713.222.1996

Valerie Musick
vmusick@lawla.com

September 27, 2017

Esther Degollado
Webb County District Clerk
1110 Victoria Street, Suite 203
Laredo, Texas 78040

Re:  Cause No. 2017CVH002089D1; *Moises Gonzalez v. Sentinel Insurance Company and John Doe;* in the 49th Judicial District of Webb County Texas

Dear Clerk:

Please issue a **certified copy** of the entire state court file. Please mail to the address listed above.

Very truly yours,

Lugenbuhl, Wheaton, Peck, Rankin & Hubbard

*Valerie Musick*

Valerie Musick

/vm

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back

Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2017CVH002089D1

| | | |
|---|---|---|
| MOISES GONZALEZ vs. SENTINEL INSURANCE COMPANY LTD, JOHN DOE | § § § § § | Case Type: Contract - Consumer/Commercial/Debt<br>Subtype: Consumer/DTPA<br>Date Filed: 08/31/2017<br>Location: --49th District Court |

---

### PARTY INFORMATION

| | | | Attorneys |
|---|---|---|---|
| Defendant | DOE, JOHN | | |
| Defendant | SENTINEL INSURANCE COMPANY LTD | | |
| Plaintiff | GONZALEZ, MOISES | | MATTHEW ZARGHOUNI<br>*Retained*<br>713-333-5533(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 08/31/2017 | Civil Case Filed (OCA) |
| 08/31/2017 | Original Petition<br>*ORIGINAL PETITION. (DV)* |
| 09/08/2017 | Calendar Call<br>*CALENDAR CALL COURT DATE SET FOR 11/7/2017 AT 1:30 PM. FAXED THE CALENDAR CALL TO ATTORNEY MATTHEW ZARGHOUNI. (DV)* |
| 09/08/2017 | Jury Demand<br>*JURY DEMAND REQUESTED AND PAID BY ATTORNEY MATTHEW ZARGHOUNI. (DV)* |
| 09/11/2017 | Citation-Issuance<br>*(2)CITATIONS ISSUED AS TO SENTINEL INSURANCE COMPANY LTD AND HELD BY CLERK WAITING FOR A SELF ADDRESSED STAMPED ENVELOPE FROM ATTORNEY MATTHEW ZARGHOUNI. (DV) \*CITATIONS PLACED IN THE PRIVATE SERVER'S BOX ON 09/12/2017 \*EA\** |
| 09/11/2017 | Citation<br>SENTINEL INSURANCE COMPANY LTD    Served    09/18/2017 |
| 09/19/2017 | Citation Return-Executed<br>*CITATION RETURN SHOWING SERVICE AS TO SENTINEL INSURANCE COMPANY LTD. BY SERVING CT CORPORATION SYSTEM. DOS 9/18/17* |
| 09/27/2017 | Atty Request - Copies<br>*LETTER FROM LUGENBUHL IN RE: COPIES* |
| 11/09/2017 | Calendar Call  (1:30 PM) (Judicial Officer Lopez, Jose A.)<br>11/07/2017 Reset by Court to 11/09/2017 |

 **CT Corporation**

**Service of Process Transmittal**
09/18/2017
CT Log Number 531949536

TO: Michael Johnson, Legal Assistant
The Hartford
1 Hartford Plz, HO-1-09
Hartford, CT 06155-0001

RE: **Process Served in Texas**

FOR: Sentinel Insurance Company, Ltd. (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Moises Gonzalez, Pltf. vs. Sentinel Insurance Company, Ltd and John Doe, Dfts. *Name discrepancy noted.* |
| DOCUMENT(S) SERVED: | Citation(s), Return(s), Petition |
| COURT/AGENCY: | 49th Judicial District Court Webb County, TX<br>Case # 2017CVH002089D1 |
| NATURE OF ACTION: | Insurance Litigation |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Dallas, TX |
| DATE AND HOUR OF SERVICE: | By Process Server on 09/18/2017 at 11:43 |
| JURISDICTION SERVED: | Texas |
| APPEARANCE OR ANSWER DUE: | At or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service |
| ATTORNEY(S) / SENDER(S): | Matthew Zarghouni<br>ZAR LAW FIRM<br>7322 Southwest Fwy, Suite 1965<br>Houston, TX 77074<br>713-333-5533 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 09/19/2017, Expected Purge Date: 09/24/2017<br><br>Image SOP<br><br>Email Notification, Michael Johnson MICHAEL.JOHNSON@THEHARTFORD.COM<br><br>Email Notification, Massimo Fraschilla Massimo.Fraschilla@thehartford.com<br><br>Email Notification, Fiona Rosenberg Fiona.Rosenberg@thehartford.com |
| SIGNED:<br>ADDRESS: | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| TELEPHONE: | 214-932-3601 |

Page 1 of 1 / JP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

RETURN
2017CVH002089D1

## CITATION

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURE, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO: SENTINEL INSURANCE COMPANY LTD
BY SERVING C T CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 49th District Court of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2017CVH002089D1, styled:

MOISES GONZALEZ, PLAINTIFF
VS.
SENTINEL INSURANCE COMPANY LTD AND JOHN DOE, DEFENDANTS

Said Plaintiff's Petition was filed on 08/31/2017 in said court by:
MATTHEW ZARGHOUNI, ATTORNEY FOR PLAINTIFF
7322 SOUTHWEST FWYSTE 1965
HOUSTON TX 77074

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 11th day of September, 2017.

C L E R K   O F   C O U R T

CALENDAR CALL COURT DATE:
11/7/2017    1:30 PM

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____Diana Vela_____ DEPUTY

2017CVH002089D1

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2017 at _____ O'CLOCK \_\_\_\_\_.M. Executed at _____, within the COUNTY of _____ at _____ O'CLOCK \_\_\_\_\_.M. on the _____ day of _____, 2017, by delivering to the within named **SENTINEL INSURANCE COMPANY LTD,** each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually travelled by me in serving such process was _____ miles, and my fees are as follows:

Total Fee for serving this citation   $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
                                   DEPUTY

THE STATE OF TEXAS }
COUNTY OF WEBB     }

Before me, the undersigned authority, on this day personally appeared _____, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _____ on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES

_____

SERVE
2017CVH002089D1

## CITATION

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURE, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO: SENTINEL INSURANCE COMPANY LTD
    BY SERVING C T CORPORATION SYSTEM
    1999 BRYAN STREET SUITE 900
    DALLAS TX 75201

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 49th District Court of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2017CVH002089D1, styled:

        MOISES GONZALEZ, PLAINTIFF
                VS.
SENTINEL INSURANCE COMPANY LTD AND JOHN DOE, DEFENDANTS

Said Plaintiff's Petition was filed on 08/31/2017 in said court by:
    MATTHEW ZARGHOUNI, ATTORNEY FOR PLAINTIFF
    7322 SOUTHWEST FWY STE 1965
    HOUSTON TX 77074

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 11th day of September, 2017.

**C L E R K   O F   C O U R T**

CALENDAR CALL COURT DATE:
11/7/2017  1:30 PM

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____ DEPUTY
      Diana Vela

2017CVH002089D1

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 2017 at _____ O'CLOCK _____.M. Executed at _____, within the COUNTY of _____ at _____ O'CLOCK _____.M. on the _____ day of _____, 2017, by delivering to the within named **SENTINEL INSURANCE COMPANY LTD**, each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually travelled by me in serving such process was _____ miles, and my fees are as follows:

Total Fee for serving this citation  $ _____.

To certify which, witness my hand officially.

SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
                                  DEPUTY

THE STATE OF TEXAS }
COUNTY OF WEBB     }

Before me, the undersigned authority, on this day personally appeared _____, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _____ on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES

Filed
8/31/2017 3:42 PM
Esther Degollado
District Clerk
Webb District
Linda Torres
2017CVH002089D1

Cause No. _____

| | | |
|---|---|---|
| Moises Gonzalez | § § § § | In the District Court |
| *Plaintiff,* | § § § | |
| vs. | § § § | Webb County, Texas |
| Sentinel Insurance Company, Ltd and John Doe | § § § § | |
| *Defendants.* | § | _____ Judicial District |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Moises Gonzalez ("Plaintiff"), and files this **Plaintiff's Original Petition** complaining of Sentinel Insurance Company, Ltd and John Doe (or collectively, "Defendants"), and for cause of action, Plaintiff would respectfully show the following:

### A. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 1 of Texas Rules of Civil Procedure 190.2 and 169.

### B. PARTIES

2. Plaintiff, Moises Gonzalez, is an individual residing in Webb County, Texas at 2900 S. Zapata Hwy Laredo, TX 78046.

3. Defendant, Sentinel Insurance Company, Ltd, is an insurance company doing business in Texas and may be served as follows: C T Corporation System 1999 Bryan Street Suite 900 Dallas TX 75201.

4. Defendant, John Doe is a ficticous name of the adjuster working in the course and

1

scope of employment with Sentinel Insurance Company, Ltd.

## C. JURISDICTION

5. The Court has jurisdiction over Sentinel Insurance Company, Ltd because Sentinel Insurance Company, Ltd engages in the business of insurance in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, including those in Webb County, Texas, with reference to this specific case.

6. The Court has jurisdiction over John Doe because John Doe is a resident of the State of Texas who engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of John Doe's business activities in the State of Texas, with reference to this specific case.

## D. VENUE

7. Venue is proper in Webb County, Texas, because the insured property is situated in Webb County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## E. CONDITIONS PRECEDENT

8. All conditions precedent to recovery have been performed, waived, or have occurred.

## F. AGENCY AND *RESPONDEAT SUPERIOR*

9. Whenever in this petition it is alleged that Sentinel Insurance Company, Ltd did any act or omission, it is meant that Sentinel Insurance Company, Ltd itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Sentinel Insurance Company, Ltd or done in the normal routine, course, and scope of the agency or employment of Sentinel Insurance Company, Ltd or its agents, officers, servants, employees, or representatives.

## G. FACTS

2

10. Plaintiff is a named insured under a property insurance policy—65 SBA TB0306 (the "Policy")—issued by Sentinel Insurance Company, Ltd. The Policy insures, among other things, against losses from storm damage to Plaintiff's property, namely, the real property and improvements located at 2900 S. Zapata Hwy Laredo, TX 78046 (the "Property").

11. On or about 5/21/2017, during the policy period, a storm caused damage to the Property that was covered the Policy. The storm caused extensive damage to the Property including but not limited to damage to the roof, ceilings, and fence.

12. Shortly after the storm, Plaintiff noticed damage to the Property. Plaintiff contacted Sentinel Insurance Company, Ltd to notify Sentinel Insurance Company, Ltd of the damage.

13. Plaintiff submitted a claim, CP0017491563, to Sentinel Insurance Company, Ltd against the Policy for all roof damage, water damage, and wind damage the Property sustained as a result of the storm.

14. Plaintiff asked that Sentinel Insurance Company, Ltd honor its contractual obligations to cover the cost of repairs to the Property.

15. Sentinel Insurance Company, Ltd assigned John Doe to adjust the claim. Defendants, Sentinel Insurance Company, Ltd and John Doe, conducted a substandard investigation of Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and spent an inadequate amount of time on the investigation. John Doe failed to fully inspect all damage to the Property.

16. Despite obvious, visible storm damage, John Doe, on his/her own behalf and on behalf of Sentinel Insurance Company, Ltd, verbally misrepresented to Plaintiff at the time of the inspection and thereafter that the Property had minimal storm-related damage. John Doe repeated this misrepresentation, again on his/her own behalf and on behalf of Sentinel Insurance Company, Ltd, in a letter to Plaintiff dated .

17. Together, Defendants Sentinel Insurance Company, Ltd and John Doe set out to deny properly-covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

18. Defendant Sentinel Insurance Company, Ltd failed to perform its contractual obligation to adequately compensate Plaintiff under the terms of the Policy. All conditions precedent to recovery under the Policy have been performed by Plaintiff. Sentinel Insurance Company, Ltd's conduct constitutes a breach of the insurance contract between Sentinel Insurance Company, Ltd and Plaintiff.

19. Even though the Property sustained obvious damage caused by a covered occurrence, Defendants misrepresented the scope of damage to the Property and misrepresented the scope of coverage under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

20. Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A).

21. Defendants refused to adequately compensate Plaintiff under the terms of the Policy, and they failed to conduct a reasonable investigation of the claim. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

22. Defendants failed to offer Plaintiff a reasonable explanation for why Plaintiff's claim was denied. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

23. Defendant, Sentinel Insurance Company, Ltd, failed to timely acknowledge

4

Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

24. Defendant, Sentinel Insurance Company, Ltd, failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25. Defendant, Sentinel Insurance Company, Ltd, delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for Plaintiff's claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

26. Since the time Plaintiff's claim was presented to Defendant Sentinel Insurance Company, Ltd, the liability of Sentinel Insurance Company, Ltd to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, Sentinel Insurance Company, Ltd has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim. This conduct is a violation of Sentinel Insurance Company, Ltd's duty of good faith and fair dealing.

27. Defendants knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, Defendants knowingly concealed all or part of material information from Plaintiff.

28. To date, Plaintiff has yet to receive full payment for the damages to which Plaintiff is entitled under the Policy. Plaintiff has suffered damages as a result of Defendants' actions described above. The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to

fully repair the Property, resulting in additional damages.

## H. CAUSES OF ACTION

### I. BREACH OF CONTRACT (against Sentinel Insurance Company, Ltd)

29. Defendant Sentinel Insurance Company, Ltd had a contract of insurance with Plaintiff. Plaintiff met or performed all conditions precedent under the contract. Sentinel Insurance Company, Ltd breached the terms of that contract by wrongfully denying and/or underpaying the claim, and Plaintiff was damaged thereby.

30. Defendant Sentinel Insurance Company, Ltd is therefore liable to Plaintiff for breach of contract.

### II. PROMPT PAYMENT OF CLAIMS STATUTE (against Sentinel Insurance Company, Ltd)

31. Plaintiff's claim is a claim under an insurance policy with Defendant Sentinel Insurance Company, Ltd, of which Plaintiff gave Sentinel Insurance Company, Ltd proper notice. Sentinel Insurance Company, Ltd is liable for the claim.

32. Defendant Sentinel Insurance Company, Ltd violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 et seq., by:

33. Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms Sentinel Insurance Company, Ltd reasonably believed to be required within the time constraints provided by Tex. Ins. Code § 542.055; failing to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or delaying payment of the claim following Sentinel Insurance Company, Ltd's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

34. Defendant Sentinel Insurance Company, Ltd is therefore liable to Plaintiff for

damages. In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorney's fees as set forth in section 542.060 of the Texas Insurance Code.

### III.   UNFAIR SETTLEMENT PRACTICES/BAD FAITH (against all Defendants)

35.   Each of the foregoing paragraphs is incorporated by reference here fully.

36.   As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**DEFENDANT** Sentinel Insurance Company, Ltd

37.   Defendant Sentinel Insurance Company, Ltd engaged in unfair settlement practices by misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Sentinel Insurance Company, Ltd's liability became reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for Sentinel Insurance Company, Ltd's denial of a claim or offer of a compromise settlement of a claim; failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

38.   Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Sentinel Insurance Company, Ltd and was a producing cause of Plaintiff's damages. Sentinel Insurance Company, Ltd is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

**DEFENDANT** John Doe

39.   Defendant John Doe was a contractor and/or adjuster assigned by John Doe to assist with adjusting the claim. John Doe was charged with investigating the claim and communicated with the insured about the Policy terms. Insurance adjusters are "persons engaged in the business

7

of insurance" under Tex. Ins. Code 541.001, et seq., and are individually liable for their individual violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

40. John Doe was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Property.

41. John Doe conducted a substandard, results-oriented inspection of the Property.

42. As such, John Doe failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as the Policy and Texas law require.

43. Further, John Doe misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses. Additionally, John Doe failed to provide Plaintiff with a reasonable explanation as to why John Doe did not compensate Plaintiff for the covered losses, or the true value thereof.

44. Thus, John Doe engaged in unfair settlement practices by: misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Sentinel Insurance Company, Ltd's liability became reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for its adjuster's denial of the claim or offer of a compromise settlement of the claim; and/or failing to conduct a reasonable investigation of Plaintiff's claim. Each of the aforementioned unfair settlement practices was committed knowingly by John Doe and was a producing cause of Plaintiff's damages. John Doe is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

**IV. DTPA VIOLATIONS** (against all Defendants)

8

45. Each of the foregoing paragraphs is incorporated by reference here fully.

46. At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

47. Defendants have violated the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA") in at least the following respects:

48. Defendants represented that the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law; Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have; Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed; Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code; generally engaging in unconscionable courses of action while handling Plaintiff's claim; and/or violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

49. As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages. Therefore, Defendants are liable to Plaintiff for violations of the DTPA.

50. Further, Defendants knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA

9

and Texas Insurance Code § 541.152(a)-(b).

## V. BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING (against Sentinel Insurance Company, Ltd)

51. Defendant Sentinel Insurance Company, Ltd breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the claim when Sentinel Insurance Company, Ltd knew or should have known liability was reasonably clear. Sentinel Insurance Company, Ltd's conduct proximately caused Plaintiff's damages.

52. Defendant Sentinel Insurance Company, Ltd is therefore liable to Plaintiff.

## VI. ATTORNEY'S FEES

53. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

54. Plaintiff is entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

55. Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

56. Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

### I. KNOWLEDGE

57. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### J. DAMAGES

58.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

59.     Due to the mishandling of Plaintiff's claim by Defendants, the damages caused by the 5/21/2017 storm have not been fully addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

60.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

61.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE § 541.152.

62.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

63.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

64.     For fraud, Plaintiff is entitled to recover actual damages, as well as exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees,

11

interest, and court costs.

65.  For the prosecution and collection of this claim, Plaintiff was compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action.

### K. STATEMENT OF RELIEF AND DAMAGES

66.  As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is seeking monetary relief of less than $100,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### L. RESERVATION OF RIGHTS

67.  Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend this petition to add additional counts upon further discovery and as the investigation continues.

### M. JURY DEMAND

68.  Plaintiff hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Webb County, Texas. Plaintiff hereby tenders the appropriate jury fee.

### N. REQUEST FOR DISCLOSURE

69.  Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or

material described in Rules 194.2.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sum as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual damages, trebled, under the Texas Insurance Code and Texas Deceptive Trade Practices Consumer Protection Act, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all court costs on Plaintiff's behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**ZAR LAW FIRM**

*/s/Matthew M. Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
7322 Southwest Fwy, Suite 1965
Houston, Texas 77074
Office: (713) 333-5533
Fax: (832) 448-9149
Matt@zar-law.com

**ATTORNEY FOR PLAINTIFF**

13